UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| THOMAS WILLARD PLANK, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 1:06-cv-31 |
| v. ) | |
| ) | Judge Mattice |
| SHAW INDUSTRIES, INC., ) | |
| ) | |
| *Defendant.* ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Thomas Willard Plank brings this action against Defendant Shaw Industries, Inc. ("Shaw"), alleging age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and the Tennessee Human Rights Act ("THRA"), Tennessee Code Annotated §§ 4-21-101, *et seq.*

Before the Court is the Motion of Shaw Industries, Inc. for Summary Judgment. Plaintiff has not filed a response to this motion, and the Court deems Plaintiff to have waived opposition to the motion pursuant to Local Rule 7.2.

For the reasons explained below, the Motion of Shaw Industries, Inc. for Summary Judgment is **GRANTED**.

### **I.    STANDARD**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from

those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

**II.     FACTS**

The relevant facts, viewed in the light most favorable to Plaintiff, are as follows.

Plaintiff Thomas Willard Plank was employed by Defendant Shaw and held the position of Human Resources Manager and Safety Manager. (Court Doc. No. 10-5, Plank Dep. 6-7; Court Doc. No. 10-4, Wallace Aff. ¶¶ 5, 7.) In his capacity as Human Resources Manager, Plank was responsible for carrying out Shaw's human resources policies with regard to all personnel and had a role in the hiring and firing of employees at Shaw's Decatur Plant. (Plank Dep. 99-100; Wallace Aff. ¶¶ 6-7.) In January 2005, Shaw made the decision to divide the responsibilities associated with human resources and safety into two separate positions, and Plank expressed his interest in being the full-time safety manager. (Plank Dep. 6-7.) At the time of his termination, however, Plank apparently was still performing the responsibilities associated with both positions. (Wallace Aff. ¶ 5.) At all relevant times, Plank's supervisors were Chris Henry and Robert Wallace. (Plank Dep. 11.)

At some point prior to his termination, Plank attended a human resources seminar, where another Shaw employee, Al Scruggs, asked him: "Willard, what—when we get where we can't keep up with the pace, what do you need to do?" (*Id.*) Plank responded, "Well, I guess you need to get out." (*Id.*) Scruggs replied, "That's correct. You need to get out." (*Id.* at 11-12.) Plank also relates that another Shaw employee, Paul Richard, made a similar statement in Plank's presence, but which was directed to a group of human resources managers and not to Plank specifically. (*Id.* at 12-13.) Richard's statement was essentially that if a person cannot keep up, he should get another job. (*Id.*) Plank took this statement personally because he has been with the company for a long time, but he also acknowledges that there may be reasons other than age that could prevent someone from

keeping up. (*Id.* at 14-15.) On another occasion, approximately two or three years ago, Scruggs told Henry that he needed to find another human resources manager. (*Id.* at 15.) Plank does not know why Scruggs made that statement. (*Id.*) Scruggs also told Plank at another time that it is not good to keep the same people around and that the company needs younger people with new ideas. (*Id.* at 135-36.) Other than the above-described comments, Plank does not recall any other comments about his age by any other Shaw employees. (*Id.* at 16.)

On February 23, 2005, Tracy Bayless, an owner and principal of Dixie Vending, called Wallace to complain about Plank's interference with Dixie Vending's relationship with one of its employees. (Court Doc. No. 10-2, T. Bayless Aff. ¶ 4.) For a number of years, Dixie Vending has had a contract with the Shaw Decatur Plant to supply the vending machines used by employees. (Court Doc. No. 10-3, C. Bayless Aff. ¶ 4.) Plank was Dixie Vending's contact at Shaw, and he was responsible for the vending account. (*Id.* ¶¶ 5-6.) At some point, Dixie Vending hired Plank's son, Chris, as an employee, and assigned him to handle the Shaw Decatur Plant vending business. (*Id.* ¶ 7; T. Bayless Aff. ¶ 5.) Thereafter, on multiple occasions, Plank told both Tracy Bayless and Charles Bayless, who is also an owner and principal of Dixie Vending, that he would terminate Shaw's contract with Dixie Vending if Dixie Vending terminated or disciplined Chris. (C. Bayless Aff. ¶¶ 8-11; T. Bayless Aff. ¶¶ 6-7.) Tracy Bayless reported these statements by Plank to Wallace. (T. Bayless Aff. ¶ 10; Wallace Aff. ¶¶ 10-14.)

Upon receiving Bayless's complaint, Wallace initiated an investigation. (Wallace Aff. ¶ 15.) During the course of such investigation, Wallace discovered that Plank had failed

to report on his Conflict of Interest Form that his son was an employee of Dixie Vending. (*Id.* ¶ 16.) On March 14, 2005, Wallace spoke with Plank about his omission from the Conflict of Interest Form and then sent Plank home pending the completion of the investigation. (*Id.* ¶ 17; Plank Dep. 17-18.) At this meeting, Wallace did not make any age-related comments. (Plank Dep. 35.) During his deposition, Plank stated that he did not list his son's employment with Dixie Vending on his Conflict of Interest Form because he did not think anything about it and because everyone at the Decatur Plant knew that his son worked there. (*Id.* at 52.) On either March 16 or 17, 2005, Wallace contacted Plank by telephone and offered Plank the option of resigning. (Wallace Aff. ¶ 18; Plank Dep. 21.) Plank refused to resign, and Wallace told Plank that Shaw was terminating his employment. (Wallace Aff. ¶ 19; Plank Dep. 21.) Wallace states in his affidavit that Plank was terminated "for violation of Company policy with regard to the reporting of conflicts of interest and for the abuse of his position of Human Resources Manager, as reflected in his threat to Tracy Bayless with regard to terminating the contract with Dixie Vending should that entity discipline or discharge Plank's son." (Wallace Aff. ¶ 21.)

### III. ANALYSIS

#### A. Age Discrimination Claims

At the outset, the Court notes that the same analysis is applied to age discrimination claims brought under the THRA as age discrimination claims brought under the ADEA. *Bender v. Hecht's Dep't Stores*, 455 F.3d 612, 620 (6th Cir. 2006); *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 31 (Tenn. 1996). Thus, Plaintiff's two age discrimination claims will be analyzed together.

A plaintiff can establish an age discrimination claim in one of two ways: either by presenting direct evidence of discrimination or by satisfying through circumstantial evidence the burden-shifting analysis outlined in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). *Bender*, 455 F.3d at 620; *Rowan v. Lockheed Martin Energy Sys., Inc.*, 360 F.3d 544, 547-48 (6th Cir. 2004). Defendant contends that Plaintiff has not presented any direct evidence of discrimination and must therefore rely on the *McDonnell Douglas* analysis in order to prove his case.

"Direct evidence is evidence that proves the existence of a fact without requiring any inferences." *Rowan*, 360 F.3d at 548. In this case, the evidence in the record, taken in the light most favorable to Plaintiff, shows that four statements were made in the presence of Plaintiff. Three of those statements made no mention of Plaintiff's age or the age of any other employee, but the fourth statement made mention of the fact that it was good to hire younger workers with new ideas. None of these statements were made by Wallace, the supervisor who made the decision to terminate Plaintiff's employment, and the temporal proximity of the majority of these statements to Plaintiff's termination is not particularly close. As a result, these statements do not provide any direct linkage between Plaintiff's age and the decision to terminate Plaintiff. Accordingly, the Court concludes that there is no direct evidence in the record of age discrimination and that Plaintiff must establish his case with circumstantial evidence under the *McDonnell Douglas* burden-shifting analysis.

Under the *McDonnell Douglas* analysis,

> [The plaintiff must] first establish a prima facie case of age discrimination. At that point, the burden shifts to the defendant, who must give legitimate, non-discriminatory reasons for the adverse employment decision. If [the defendant does so], the burden shifts

> back to the plaintiff[ ], who must establish that the legitimate reasons
> offered by the defendant were just a pretext for decisions actually
> motivated by an unlawful bias against age.

*Rowan*, 360 F.3d at 547. Defendant assumes *arguendo* that Plaintiff can establish a *prima facie* case of age discrimination, and the Court will likewise assume as much for the purpose of deciding the instant motion.

Thus, under the *McDonnell Douglas* analysis, the burden shifts to Defendant to articulate a legitimate, nondiscriminatory reason for Plaintiff's termination. Defendant contends that it has satisfied that burden through the affidavits of Charles Bayless, Tracy Bayless, and Robert Wallace. Such affidavits detail Plaintiff's failure to list his son's employment with Dixie Vending, one of Shaw's vendors, as a conflict of interest and Plaintiff's statements to the owners of Dixie Vending that he would find another vendor to serve the Shaw Decatur Plant if Dixie Vending were to discipline or terminate his son. The Court concludes that such evidence sufficiently articulates a legitimate, nondiscriminatory reason for Plaintiff's termination.

Because Defendant has articulated a legitimate, nondiscriminatory reason for Plaintiff's termination, the burden now shifts back to Plaintiff to establish that such proffered legitimate, nondiscriminatory reason is merely pretext for age discrimination. In this case, Plaintiff did not file a response in opposition to Defendant's motion and, therefore, obviously failed to argue that Defendant's proffered reason is pretextual. In the absence of any argument by Plaintiff that Defendant's proffered reason is pretextual, the Court cannot conclude that Plaintiff has met his burden of establishing pretext and, as a result, Plaintiff's age discrimination claims cannot withstand summary judgment.

Accordingly, because Plaintiff failed to meet his burden of establishing that Defendant's proffered reason for his termination was pretextual, the Motion of Shaw Industries, Inc. for Summary Judgment is **GRANTED**, and Plaintiff's ADEA and THRA age discrimination claims are **DISMISSED WITH PREJUDICE**.

**B.     Retaliation Claims**

On May 15, 2006, Plaintiff filed a Notice of Voluntary Dismissal, in which Plaintiff stated his desire to voluntarily dismiss with prejudice Count I of his complaint, which alleges retaliation claims against Defendant Shaw.  [Court Doc. No. 8]

Pursuant to Federal Rule of Civil Procedure 41(a)(1), a plaintiff may dismiss an action, or a portion of an action, without order of the court either "(i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action."  In this case, at the time Plaintiff filed its Notice of Voluntary Dismissal, Defendant Shaw had already filed an answer to Plaintiff's complaint, thus preventing the use of Rule 41(a)(1)(i) to dismiss the claims.  Moreover, the Notice of Dismissal was signed only by Plaintiff's counsel, thus preventing the use of Rule 41(a)(1)(ii) to dismiss the claims.

As a result, the Court will treat Plaintiff's Notice of Voluntary Dismissal as a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).  Defendant has not objected to the dismissal of Plaintiff's retaliation claims and, in fact, indicated its reliance on such dismissal in its motion for summary judgment.  Accordingly, Plaintiff's Notice of Voluntary Dismissal, which the Court is treating as a motion for voluntary

dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2), is **GRANTED**, and Plaintiff's retaliation claims are **DISMISSED WITH PREJUDICE**.

IV. **CONCLUSION**

For the reasons explained above, the Motion of Shaw Industries, Inc. for Summary Judgment [Court Doc. No. 10] is **GRANTED**, and Plaintiff's age discrimination claims under the ADEA and the THRA are **DISMISSED WITH PREJUDICE**. Further, Plaintiff's Notice of Voluntary Dismissal [Court Doc. No. 8], which the Court is treating as a motion for voluntary dismissal, is **GRANTED**, and Plaintiff's retaliation claims under the ADEA and the THRA are **DISMISSED WITH PREJUDICE**.

The Clerk is directed to close the file in this case.

In accordance with Federal Rule of Civil Procedure 54(d)(1), Defendant is entitled to recover its costs of this action.

SO ORDERED this 5th day of February, 2007.

*s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE